JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

GARTH HIRE (CASBN 187330)
Assistant United States Attorney

    450 Golden Gate Avenue
    San Francisco, California 94102
    Telephone:  (415) 436-6960
    Facsimile:   (415) 436-6982
    E-Mail:      Garth.Hire@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 08-00018 MJJ |
|     Plaintiff, ) | UNITED STATES' SENTENCING MEMORANDUM FOR DEFENDANT ALONZO BANKS |
| v. ) | |
| ALONZO BANKS, ) | Hearing Date:  March 28, 2008 |
|     Defendant, ) | Hearing Time:  2:30 p.m. |

**I.**

**INTRODUCTION**

On February 15, defendant Alonzo Banks ("defendant") pleaded guilty – in a binding plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) – to a single count information charging him with using a communications facility (telephone) to commit/facilitate narcotics trafficking in violation of 21 U.S.C. § 843(b). The Court ordered the United States Probation Office (USPO) to prepare a modified presentence report (PSR). A hearing for imposition of judgment and sentencing is currently scheduled for March 28, 2008.

In the plea agreement, defendant agreed to plead guilty to the information, and the government agreed to dismiss the indictment pending in the Eastern District of California, among

other things. In addition, the parties agreed that defendant should be sentenced as follows: 46 months imprisonment, one year of supervised release (with conditions to be fixed by the Court), no fine, a $100 special assessment, and no restitution.

Both the plea agreement and the PSR correctly calculate the adjusted applicable United States Sentencing Guideline (U.S.S.G.) offense level as 21. The parties agree that the PSR correctly calculates defendant's criminal history category as III. The applicable guideline range is 46-48 months imprisonment. Thus, the parties have agreed to a sentence at the low-end of this range. The 46-month sentence agreed to by the parties is thus consistent with both the sentencing guidelines and the sentencing factors that the Court must consider pursuant to 18 U.S.C. § 3553(a). For these reasons, the government respectfully requests that this Court accept the plea agreement entered into by the parties and sentence defendant to 46 months imprisonment, one year supervised release (under the terms and conditions recommended by the USPO), and a $100 special assessment.

## II.

## SENTENCING GUIDELINES CALCULATIONS

The parties agree with the USPO's computation of the sentencing guidelines applicable to defendant as follows:

| | | |
|---|---|---|
| Base Offense Level: | 24 | U.S.S.G. § 2D1.1(c)(8) (5.6 grams of crack cocaine) |
| | – 3 | U.S.S.G. § 3E1.1(a) & (b) (acceptance of responsibility) |
| **Total** | **21** | |

## III.

## DISCUSSION OF GUIDELINES CALCULATIONS

A.  **U.S.S.G. § 2D1.1(c)(8) (base offense level)**

Defendant admitted in the factual basis of the plea agreement (paragraph 2) that on or about December 18, 2005, he knowingly used a telephone to order 5.6 grams of crack cocaine that he later intended to distribute in exchange for cash. Based on the quantity of crack cocaine ordered by defendant for distribution, the parties and the USPO are in agreement that defendant's

base offense level is 24.  (PSR ¶¶ 16).

### B.  U.S.S.G. § 3E1.1 (Acceptance of Responsibility)

The government respectfully recommends that defendant be granted a two-point reduction in offense level under U.S.S.G. § 3E1.1(a) because he has "clearly demonstrate[d] acceptance of responsibility for his offense" under the terms of § 3E1.1(a) by truthfully admitting the facts establishing his guilt.

Defendant is likewise entitled to a third point for acceptance of responsibility under the distinct standard set forth in U.S.S.G. § 3E1.1(b).  To qualify for this third point, defendant must have "assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently."  U.S.S.G. § 3E1.1(b).  Because defendant pleaded guilty in this case in a timely manner that avoided any preparation for trial, the government hereby moves that the he be granted this third point as well, for an ultimate offense level of 21.

## IV.

## STATUTORY SENTENCING FACTORS

In light of the *Booker* Court's severance of 18 U.S.C. § 3553(b)(1) from the federal sentencing statute, sentencing courts are now obliged to consider, in addition to the sentencing guidelines, the factors set forth 18 U.S.C. § 3553(a).  These factors include the need for the sentence to reflect the seriousness of the offense, afford adequate deterrence, protect the public from further criminal conduct by the defendant, and avoid sentencing disparities among similarly situated defendants.  The sentence contemplated by both parties in the plea agreement achieves all of these sentencing goals.  Accordingly, a sentence of 46 months imprisonment, one year supervised release, and a $100 special assessment is therefore reasonable and appropriate.

///

## V.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court determine – consistent with the parties' plea agreement and the calculations of the USPO – that defendant's ultimate guideline offense level is 21 and his criminal history category is III.  The government further respectfully requests that, taking into consideration the advisory guideline range of 46-48 months and the sentencing factors set forth in section 3553(a), the Court sentence defendant to 46 months imprisonment, impose a one-year term of supervised release (under the terms and conditions recommended by the USPO), and order defendant to pay a $100 special assessment.

DATED: March 20, 2008                    Respectfully submitted,

                                          JOSEPH P. RUSSONIELLO
                                          United States Attorney


                                          _____/s/_____
                                          GARTH HIRE
                                          Assistant United States Attorney